IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

    v.                                                          Case No. 24-CR-50-JDP

STEVEN ANDEREGG,

    DEFENDANT.

## GOVERNMENT'S APPEAL AND MOTION FOR REVOCATION OF MAGISTRATE JUDGE'S ORDER SETTING CONDITIONS OF RELEASE

The United States of America, by and through undersigned counsel, respectfully moves this Court to revoke Magistrate Judge Stephen L. Crocker's order (R. 25) setting conditions of pretrial release pursuant to 18 U.S.C. § 3145 and to order the defendant detained pending trial. For the reasons explained below and in the government's initial brief and sealed supplemental brief in support of detention, (R. 6 & R. 20), the defendant poses a danger to the community and a risk of non-appearance, and this Court should find that there are no conditions of release that can adequately mitigate these risks.

On May 15, 2024, a federal grand jury in the Western District of Wisconsin returned an indictment charging the defendant with producing, distributing, and possessing obscene visual depictions of minors engaged in sexually explicit conduct, and transferring obscene material to a minor. (R. 2). He was arrested on or about May 17, 2024. After receiving briefing and holding a hearing, Magistrate Judge Crocker concluded that the defendant is a risk of flight and a danger to the community and ordered him detained

pending trial on June 13, 2024. (R. 17). On July 12, 2024, Magistrate Judge Crocker reopened the detention hearing at the defendant's request, pursuant to 18 U.S.C. § 3142(f)(2), and heard argument from the parties regarding a newly identified third-party custodian who the defendant believes can address Magistrate Judge Crocker's concerns regarding the defendant's pretrial release. At the conclusion of this hearing, Magistrate Judge Crocker ordered the defendant released but stayed the order to allow the government to determine whether to appeal the Court's decision. (R. 24 & R. 25). The government now appeals.

Under 18 U.S.C. § 3145(a), if a defendant is ordered released by a magistrate judge, the government may file a motion for revocation of the order with the district court pursuant to 18 U.S.C. § 3145(a). "When the [release] decision of a magistrate judge is appealed to the district court under section 3145(a), the district judge conducts a de novo review." *United States v. Hammond*, 204 F. Supp. 2d 1157, 1162 (E.D. Wis. 2002). Accordingly, pursuant to § 3142(g), this Court must determine whether there are any "conditions of release that will reasonably assure [his] appearance … as required and the safety of any other person and the community." When making this determination, the Court should consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the defendant's history and characteristics, and (4) the nature and seriousness of the danger to the community posed by the defendant's release. *See* 18 U.S.C. § 3142(g). The government bears the burden of proving that the defendant is a risk of flight by a preponderance of the evidence and that he is a danger to the community by

clear and convincing evidence. *See United States v. Portes*, 786 F.2d 758, 764-65 (7th Cir. 1985).

For the reasons articulated in the government's initial and supplemental briefs in support of detention, the government has met this burden. The evidence discussed in those filings, when viewed as a whole, makes clear that the defendant has a sexual attraction to prepubescent minors and that he has been acting on this attraction in one way or another, online and in person and with varying degrees of covertness, for at least five years. As a result, the defendant is now facing criminal charges in this Court and in La Crosse County Circuit Court. The disclosures underpinning the charges in La Crosse County are alarming (*see* R. 20), particularly when considering that the defendant engaged in this alleged conduct after law enforcement searched his home in connection with a different child-exploitation investigation. At base, these disclosures and the related evidence make clear that the defendant is unable to control whatever impulses are motivating his sexual attraction to prepubescent minors and that he is willing to act on that attraction, regardless of the consequences he might face.

While the defendant has endeavored to formulate a release plan that addresses some of Magistrate Judge Crocker's concerns from the initial detention hearing, the government believes that detention continues to be necessary here. The proposed release plan provides little information about the defendant's relationship with his third-party custodian; the custodian's familiarity with the circumstances surrounding this case, the defendant's state case, or any of his online and in-person conduct more broadly; and what stake—if any—the custodian has in ensuring that the defendant complies with conditions

3

of pretrial release. Further, from what the government can glean about this custodian's technological sophistication and the demands of his work schedule, he does not appear to be a suitable third-party to supervise a hands-on child sex offender as sophisticated as the defendant. Given the significant risk associated with any reoffending conduct on the part of the defendant and the defendant's history of engaging in hands-on sexual contact with at least one prepubescent minor, there are no conditions of release that can reasonably assure the safety of the community if he were to be released.

Accordingly, the United States respectfully requests that this Court revoke Magistrate Judge Crocker's order and detain the defendant pending trial.

Dated this 12th day of July, 2024.

        Respectfully submitted,

        STEVEN J. GROCKI
        Chief, Child Exploitation & Obscenity Section

By:

        */s/ William G. Clayman*
        William G. Clayman
        Trial Attorney