IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                  Plaintiff,

v.

STEVEN ANDEREGG,

                  Defendant.

RELEASE ORDER

Case No. 24-CR-50-JDP

---

For reasons stated on the record in this case, it is ORDERED that the above-named defendant shall be released during the pendency of this case upon defendant's promise to obey the following conditions of release:

### Standard Conditions for All Released Defendants

1. Defendant shall not commit any offense in violation of federal, state or local law while on release.

2. Defendant shall appear at all proceedings as required and shall surrender at the time and place directed by further court order for service of any sentence subsequently imposed in this case.

3. Defendant shall report immediately to the U.S. Marshals Service for processing and then to Pretrial Services for a post-hearing interview.

4. Defendant shall cooperate in the collection of a DNA sample as required by 18 U.S.C. § 3142(b).

5. Defendant shall hereafter meet with Pretrial Services at the times and places directed and obey all directions and instructions of the pretrial services office.

6. Defendant shall next appear at this location: __COURTROOM 460__

   at this date and time: __TO BE DETERMINED__

7. Defendant shall not engage in any undercover or informant activity on behalf of any government agency, except for a debriefing, without prior written approval of a district judge of this court.

8. If defendant is charged with a felony, then defendant shall not ship, transport or receive any firearm or ammunition. Note that this is not a prohibition against the continued possession of firearms, which is addressed in condition number 15, below.

*sxcse 1/18 Rev.*

9. This court has a zero-tolerance policy for drug use by criminal defendants released on conditions. Violation of any condition of release or of any other direction or instruction given by Pretrial Services relating to drugs or drug use shall result in return to court for a hearing on the modification or revocation of conditions of release. To ensure the fair enforcement of this policy, every criminal defendant released on conditions shall be subjected to at least one random test for drug use.

   *Note Well*: If defendant has a drug or alcohol use problem, it is defendant's obligation to advise Pretrial Services *now* so that appropriate conditions can be considered and fashioned to address the problem.

10. Defendant shall surrender defendant's passport to the clerk of this court. If the defendant is acquitted or the charges are dismissed, then the clerk shall return the passport to the defendant. If the defendant is convicted, then the clerk shall send the passport and a copy of the judgment and conviction order to the U.S. State Department. Defendant shall not apply for a replacement passport while on pretrial release or while serving any sentence if convicted.

11. Defendant shall report in advance to Pretrial Services all changes in employment, residence, and telephone.

12. If defendant has any contact with any representative of any law enforcement agency regarding any criminal or traffic matter, then defendant shall report this contact to Pretrial Services within 24 hours of the contact.

## Additional Conditions

____ 13. Defendant shall register with local law enforcement agencies as directed by Pretrial Services.

____ 14. Defendant shall seek and maintain employment in a manner approved by Pretrial Services.

____ 15. Defendant shall not use or possess firearms, destructive devices, or other dangerous weapons.

____ 16. Defendant shall /abstain from any / refrain from excessive / use of alcohol.

____ 17. Defendant shall not associate in any manner with persons who use or possess controlled substances, or previously were known to use or possess controlled substances, and defendant shall avoid places where controlled substances are or were known to have been used, possessed or dispensed.

___ 18. Defendant shall not use, possess, buy or sell any illicit or narcotic drugs or any other controlled substance defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner with the knowledge of Pretrial Services. Defendant shall not use methadone or obtain a prescription for methadone.

___ 19. Defendant shall submit to urinalysis or other testing as directed by Pretrial Services to detect drug or alcohol usage.

___ 20. Defendant shall undergo an Alcohol and Other Drug Assessment at the direction of Pretrial Services and shall comply with any instructions or directions given by Pretrial Services as a result of the assessment.

_X_ 21. Defendant shall not associate with, speak to, telephone, text, email or have any contact whatsoever with these people:

_ALL WITNESSES & ALLEGED VICTIMS_

If codefendants are listed above, then this prohibition does not apply to association that occurs in the presence of the attorneys for all defendants during bona fide legal defense meetings.

___ 22. Defendant shall not travel outside the following geographic area except when traveling directly to this court or to the office of defendant's attorney for matters relating directly to this case, or when prior permission has been obtained from Pretrial Services:


_X_ 23. Defendant shall observe the following curfew:

Remain at this residence: ███████████████████████████████

During these times: _AT ALL TIMES EXCEPT FOR PRE-APPROVED ABSENCES OF ANY SORT._

Exceptions from this curfew must be approved in advance by Pretrial Services.

_X_ 24. Defendant shall submit to location monitoring [radio frequency (RF) or Global Positioning System (GPS)] as directed by Pretrial Services. Defendant /shall pay/ /~~shall not pay~~/ the cost of monitoring.

__X__ 25.  Defendant shall be placed in the third-party custody of these people:

JOSEPH LILLA

### Custodian's Promise to the Court

Each undersigned third-party custodian has read these conditions of release, understands what these conditions require the defendant to do and not to do, and promises the court that the custodian will:

(1) Supervise the defendant to ensure that the defendant complies with these conditions of release;

(2) Use every effort to ensure that the defendant appears as required at court proceedings in this case; and

(3) Immediately notify the pretrial services office, the court, and if needed, local law enforcement authorities if defendant violates any release condition or if defendant appears to be planning to flee or actually flees.

Signed: X _Joseph R Lilla_   Date: X 7/15/24

____ 26.  Defendant shall participate in mental health and/or sex offender assessment, treatment and counseling as approved and directed by Pretrial Services. Defendant shall follow all treatment directives and take any medication prescribed by defendant's treatment provider, as approved by Pretrial Services. Defendant shall waive any patient-provider privilege as to this process so that Pretrial Services may oversee it properly. Defendant is responsible for obtaining funding for any required treatment, counseling or medications, with assistance from Pretrial Services.

____ 27.  Defendant shall notify third parties, including his employer, his clients and the financial institutions with which he conducts business, of the pending federal charges and shall permit Pretrial Services to make notifications and to confirm compliance with this condition.

_X_ 28. Defendant is prohibited from owning, possessing or operating a personal computer system unless he obtains pre-approval from Pretrial Services, which may monitor defendant's computer use directly or through a contracted service as it sees fit. Any use by defendant of any computer at work must be limited to a genuine work need and defendant must be monitored to ensure that he does not access the internet for personal purposes or otherwise misuse the computer.

_X_ 29. Defendant is prohibited from owning, possessing or operating any device (including any gaming device) that provides or allows access to the internet or to other sources of electronic information unless he obtains pre-approval from Pretrial Services, which may monitor defendant's access to the internet and other sources of electronic information as it deems necessary. Any access at work to the internet or other sources of electronic information must be limited to a genuine work need and defendant must be monitored to ensure that he does not access the internet or other electronically accessible information for personal purposes.

_X_ 30. Defendant shall not access and shall not possess (directly or constructively) any pornographic, sexual explicit or sexually stimulating material in any medium or format.

_X_ 31. Defendant shall not maintain, access or otherwise or use any email address, free-mail service address, web page, Facebook page, any account with Instagram, Snapchat, Kik or any other type of electronic account or any other means of accessing electronic information, nor shall defendant host any website or serve as a web administrator without Pretrial Services' full knowledge and explicit prior approval. It is defendant's responsibility to keep Pretrial Services fully informed in a timely manner.

_X_ 32. Defendant shall allow searches by Pretrial Services and its agents of any residence or property under his control where there is reason to believe defendant possesses or is accessing materials forbidden by this release order.

_X_ 33. Defendant shall notify third parties of risks regarding the instant prosecution as directed by Pretrial Services.

____ 34. Defendant shall not associate with or have contact of any sort with any minor unless another adult is physically present in the same room who is aware of this prosecution and defendant's conditions of pretrial release.

____ 35. Defendant may use a personal computer, which Pretrial Services may monitor, using a contracted service if necessary.

X  37.  THERE SHALL BE NO CONTACT WITH ANY MINOR WITHOUT PRIOR APPROVAL FROM PRETRIAL SERVICES OR THE COURT.

## Notice of Penalties and Sanctions

The defendant's violation of any of the conditions of release imposed in this order may result in the immediate issuance of a warrant for the defendant's arrest, the revocation of release, and an order of detention. It could also result in a separate prosecution for contempt under 18 U.S.C. § 401, which is punishable by a term of imprisonment and a fine. *See* 18 U.S.C. § 3148.

If the defendant commits a crime while released pursuant to this order and is later convicted of that new crime, then the defendant can also be prosecuted in federal court for having committed a crime while released, which is a violation of 18 U.S.C. § 3147. If the new offense is a felony, the defendant would face up to ten years in prison. If the new offense is a misdemeanor, the defendant would face up to one year in prison. Any sentence imposed for such a violation would be consecutive to any other sentence imposed upon the defendant.

It is a crime for the defendant knowingly to fail to appear as required by these conditions of release, or to fail to appear for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

1. An offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years or both;

2. An offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

3. Any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

4. A misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to a sentence of imprisonment for any other offense. *See* 18 U.S.C. § 3146.

It is a federal crime to intimidate, to influence, or to injure jurors or officers of the court or to attempt to do so. *See* 18 U.S.C. § 1503.

It is a federal crime to obstruct criminal investigations by bribery, or by disclosing the existence or content of subpoenas to financial institutions or the insurance industry. *See* 18 U.S.C. § 1510.

It is a federal crime to intimidate, to harass, to influence, or to injure witnesses, potential witnesses, victims or informants, or to threaten or attempt to do so. *See* 18 U.S.C. § 1512.

It is a federal crime to retaliate against a witness, victim or informant, or to threaten or attempt to do so. *See* 18 U.S.C. § 1513.

6

## Acknowledgment and Promise of the Defendant

I acknowledge that I am the defendant in this case.

I am aware of and I understand all of the conditions of release that have been imposed upon me.

I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed.

I am aware of and I understand the prohibitions and penalties set forth above in the Notice of Penalties and Sanctions section of this release order.

_____           _7/12/24_____
Signature of Defendant                                 Date

## Directions to the United States Marshal

It is ORDERED that the Marshal shall:

_____ Release the defendant after processing, in the ordinary course of the marshal's business.

__X__ Detain the defendant in custody until notified by a judicial officer, the Clerk of Court, or the Pretrial Service Office that the defendant has complied with all conditions of release set in this order and therefore may be released on these conditions.

BY THE COURT:

_____           _7-12-24_____
STEPHEN L. CROCKER                                Date
Magistrate Judge

7