UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.　　　　　　　　　　　　　　　　　　　　　Case No. 24-cr-50-JDP

STEVEN ANDEREGG,

    *Defendant.*

---

**SEVENTH PRETRIAL MOTION:**
**MOTION TO COMPEL**

---

Steven Anderegg, by counsel, moves to compel production of the AI generated images seized from his computer and various devices. The defense has requested copies of the material so it can be shared with our experts and to use in preparation of trial. The government has declined to turn it over. And as forecasted in the letter to the Court, the defense is moving to compel its disclosure.[1]

The dispute centers on § 3509(m) and whether it applies to AI created images of minors. The general rule in this district is consistent with Rule 16, the defense has all the evidence that could be material to a defense—that includes what's given to experts and what is used for the trial presentation.[2] Generally, aside from contraband (guns and

---

[1] *See* R.48.　　　　　　　　　　　[2] *See* Fed. R. Crim. P 16.

1

drugs), the only exception to that practice is images of child pornography. Under § 3509(m), those images are not allowed to be turned over to the defense.[3]

The issue is: whether § 3509(m) applies to the images in this case. The analysis begins and ends with the text. The statutory text provides: "In any criminal proceeding, any property or material *that constitutes child pornography* (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court."[4] By its terms, § 2256 applies to images of *minors,* which are real people.[5] The statute is explicit: "identifiable minor" "means a person."[6] And that's defined as one:

> who was a minor at the time the visual depiction was created, adapted, or modified; or whose image as a minor was used in creating, adapting, or modifying the visual depiction; and who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature.[7]

In other words, § 2256 applies to actual living, breathing, real people. It's worth adding, that § 2256 also applies to depictions that are *virtually indistinguishable* from actual minors.[8] But that *limited* scenario only applies where the "depiction is such that an ordinary person viewing the depiction would conclude that the depiction is of an actual minor engaged in sexually explicit conduct."[9]

But AI created images are not actual living, breathing, real people. They are computer generated composites of images. They are not actual minors, and they are not virtually indistinguishable from actual minors. Seeing the images at issue here, it's

---

[3] *United States v. Shrake,* 515 F.3d 743 (7th Cir. 2008).
[4] 18 U.S.C. § 3509(m).
[5] 18 U.S.C. § 2256 (9)
[6] *Id.* § 2256 (9)
[7] *Id.* § 2256 (9)(A)(i)–(ii).
[8] Id. § 2256(11).
[9] *Id.*

2

obvious they are not real minors, no ordinary person with remotely decent eyesight is going to be confused on that one—especially when looking at those with the face of a tween and the body of an adult. Thus, § 3509 doesn't apply to the images in this case, and it doesn't preclude the defense from having access to the images. In other words, there is no reason that the images be withheld from the defense, and consistent with Rule 16 and Anderegg's Fifth Amendment rights, we move for their disclosure.

Dated this 8th day of November, 2024.

Respectfully submitted,

STEVEN ANDEREGG, *Defendant*

*Electronically signed by Joseph A. Bugni*
Joseph A. Bugni
*Wisconsin Bar No.* 1062514
HURLEY BURISH, S.C.
33 E. Main Street, Suite 400
Madison, WI 53703
(608) 257-0945
jbugni@hurleyburish.com

F:\-clients\Anderegg Steven\Pleadings\Motion to Compel 24-11-06.docx