IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.                                                      Case No.:  24-cr-50-JDP

STEVEN ANDEREGG,

      DEFENDANT.

**GOVERNMENT NOTICE OF EXPERT TESTIMONY – CHANCEY DAVIS**

The United States of America hereby provides to the defendant the disclosures required by Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure pertaining to the anticipated expert witness testimony of Digital Investigative Analyst (DIA) Chancey Davis from the High Technology Investigative Unit of the Child Exploitation and Obscenity Section within the Criminal Division of the U.S. Department of Justice. As required by Rule 16, this disclosure includes a complete statement of all opinions rendered by this witness that the government intends to use during its case-in-chief at trial under Fed. R. Evid. 702, 703, or 705. It additionally provides the bases and reasons for the opinions of the witness, the qualifications of the witness, any publications authored by the witness in the previous ten years, and a list of all other cases in which the witness has testified as an expert in the previous four years. *See* Fed. R. Crim. P. 16(a)(1)(G)(iii).

As explained below, the United States anticipates that DIA Davis will provide testimony regarding, among other things, the extraction and examination of data from digital devices. The government submits that DIA Davis will testify more in the nature of a

fact witness, explaining how she located and/or preserved certain evidence from the devices she forensically examined. The government further submits that DIA Davis will not necessarily be providing expert "opinions," as that term is contemplated under Fed. R. Crim. P. 16(a)(1)(G)(iii), but rather she will explain how certain forensic processes work, why the processes are reliable, and what evidence and information she found when she analyzed certain electronic devices that other witnesses will testify were recovered from the defendant and his residence. In this sense, DIA Davis is expected to explain technical matters in a way that helps the jury understand the evidence. *See* Fed. R. Evid. 702. Nevertheless, out of an abundance of caution, and to the extent that DIA Davis's anticipated testimony may arguably contain expert opinions, the government provides this notice to the defense as to DIA Davis's anticipated testimony pursuant to Fed. R. Crim. P. 16(a)(1)(G)(i) and (iii).

## Qualifications, Publications, and Prior Testimony

DIA Davis is employed by the U.S. Department of Justice as a Digital Investigative Analyst. She has held that position since 2022. Prior to that, she attended the University of Alabama at Birmingham, where she received a Master of Science degree in Cyber Security, and Talladega College, where she received a Bachelor of Arts degree in Criminal Justice. In her capacity as a Digital Investigative Analyst, DIA Davis conducts forensic analysis of seized computer systems, servers, mobile devices, and other media to provide investigative and analytical support and guidance to prosecutors and other law enforcement agents who are investigating criminal conduct involving federal child exploitation crimes. DIA Davis regularly utilizes forensic tools like EnCase, Axiom, Griffeye, and Cellebrite to conduct her forensic examinations, as well as open-source technologies. As part of her work as a Digital

Investigative Analyst, DIA Davis uses these forensic tools and other techniques to produce concise and detailed reports documenting the results of her forensic examinations. In addition to her on-the-job experience analyzing digital devices, she has also taken training courses related to the forensic analysis of computers and other digitals devices and online child exploitation offenses. She is professionally certified as an EnCase Certified Examiner, which required her to complete professional training on computer investigation methodology and how to use EnCase software during complex computer examinations.

DIA Davis has not authored any publications in the last ten years.

DIA Davis has not testified as an expert in a trial or deposition in the last four years.

**The Witness's Anticipated Testimony**

The United States anticipates that DIA Davis will provide testimony at trial regarding her background and training, the extraction and examination of data from digital devices generally, the nature of the extractions and examinations she conducted in this case, the methods and tools she used to assist in this work, and the evidence she found through her forensic examination of digital devices in this case.

In particular, after testifying about her training and background discussed above, the United States anticipates that DIA Davis may testify about: the physical inventorying of a digital device, such as a laptop or a computer's hard drive, once it is identified during the execution of a warrant and submitted as an evidence item in an investigation; the creation of a forensic image copy of a digital device after its submission into evidence, including the use of write-blocking technology to protect the integrity of the original evidence item when creating a forensic image copy of it for examination; the generation and use of a hash value

associated with a digital storage device to verify that the forensic image copy of the device created through the prior steps is an exact match of the original evidence item; the purpose behind imaging and hash-matching the original digital evidence item, including to ensure that the original evidence item is not damaged or altered during any subsequent forensic examination and that the forensic image copy being analyzed contains the same data as the original evidence item; and the reliability of the various programs that she uses to parse, examine, and analyze the matching data contained on the forensic image copy of the digital evidence item.

DIA Davis is also expected to testify as to how, with respect to certain devices that law enforcement seized during the execution of a search warrant at the defendant's residence, the above processes were followed using reliable forensic tools. In addition to testifying about the reliable forensic tools that were used to extract, parse, and examine data from the defendant's digital devices, DIA Davis is also expected testify about the results of her forensic examination of these devices, including but not limited to the following devices: an MSI laptop bearing serial number K2208N0036832 that contained a 1024 GB Samsung solid state drive bearing serial number S676NX0T274696; a Google Pixel 6 Pro bearing IMEI 358339775315120; a Google Pixel 8 Pro bearing IMEI 358951614879353; and a 1TB solid state drive bearing serial number S625NJ0R145993H. In this sense, she will be testifying more in the nature of a fact witness, explaining how she was able to locate and preserve certain evidence from the forensic image copies of the devices that she examined.

The results of DIA Davis's forensic examination of these devices are described in greater detail in a Computer Forensic Report that she signed on or about July 3, 2024, which

was produced in discovery as ANDEREGG-BATES-000478 through ANDEREGG-BATES-000490 on or about July 10, 2024. This report is incorporated in this notice pursuant to Fed. R. Crim. P. 16(a)(1)(G)(iv) and the information contained in it will therefore not be repeated in full here.[1] To summarize, DIA Davis is expected to testify that she found evidence related to the installation, customization, and use of a generative artificial intelligence (GenAI) model called Stable Diffusion on the MSI laptop, as well as several thousand GenAI images that contained certain metadata. She may also testify about evidence she found on the MSI laptop related to the installation and use of a large language model, evidence related to who was using the MSI laptop, and evidence related to internet activity on the MSI laptop. She is likewise expected to testify that she found similar GenAI images on the two Google Pixel cellular telephones, as well as user-attribution evidence, evidence related to internet activity on these devices, and evidence that a particular Instagram account had been accessed and used on one or both devices.

(Continued on the next page.)

---

[1] The results of DIA Davis's examination include certain contraband evidence that the government has made available for defense review and inspection at a government facility. The government will continue to make this evidence available for defense review leading up to and during trial in this matter.

In accordance with Fed. R. Crim. P. 16(a)(1)(G)(v), I approve this disclosure:

                                                     Chancey Davis
                                                     Digital Investigative Analyst
                                                     U.S. Department of Justice

Dated this 13th day of December, 2024

                                           Respectfully submitted,

                                           STEVEN J. GROCKI
                                           Chief, Child Exploitation & Obscenity Section

By:       /s/

WILLIAM G. CLAYMAN
ROSS B. GOLDMAN
Trial Attorneys