UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

*Plaintiff,*

vs. Case No. 24-cr-50-JDP

STEVEN ANDEREGG,

*Defendant.*

---

**MOTION FOR MODIFICATION OF BOND**

---

Steven Anderegg, by counsel, files this motion in support of a modification of his conditions of pretrial release. I have cleared the first four proposed modifications with the USPO office and they agree with them; further, the government has indicated that they are deferring to probation office's position on them. I have flagged the sole issue where the defense requests something different from what the probation office has approved—it is paragraph 5. The defense is not requesting a hearing on the final condition.

This Court has handled many motions concerning bond in this case, so this will be short. Mr. Anderegg is scheduled to have major heart surgery next month on June 2. I have sent two letters to the probation office from his surgeon about it. After surgery, he will then have roughly six weeks of rehabilitation. To aid the surgery and his rehabilitation, the defense requests the following modifications, the first four of which

have (again) been approved by the probation office—the sole exception being paragraph 5. All other conditions will remain the same.

1. That he be allowed to have the electronic monitor removed before the surgery and then placed back on after the surgeon clears it to be placed back on.
2. That he be allowed to leave his residence on June 1, 2026 and spend the night in an AirBnB or hotel in the Madison area and then stay at the hospital until discharged. The hotel or AirBnB will *not* be around children.
3. That once discharged from the hospital, he be allowed to recover at his mother's home until he is cleared by the surgeon to return to the farm.
4. This during the time of his recovery, his mother be the third-party custodian.
5. That he be allowed to have two video visits (with the probation office viewing them and, if necessary, recording them) with his son. There would be one before the surgery and another after it. Again, this is the sole condition that the probation office does not agree with.

Again, I have had the first four paragraphs pre-approved by the probation office and the government is deferring to the probation office's position; the sole disagreement lies with paragraph 5, and the defense is not asking for a hearing about it. The Court has sufficient information to rule upon that request without oral argument or further briefing.

Dated this 14th day of May, 2026

Respectfully submitted,

STEVEN ANDEREGG., *Defendant*

*Electronically signed by Joseph A. Bugni*
Joseph A. Bugni
*Wisconsin Bar No.* 1062514
HURLEY BURISH, S.C.
33 E. Main Street, Suite 400
Madison, WI 53703
(608) 257-0945
jbugni@hurleyburish.com